SUMMARY ORDER
Ji Chen, a native and citizen of the People’s Republic of China, seeks review of a September 8, 2008 order of the BIA, affirming the September 28, 2007 decision of Immigration Judge (“IJ”) Philip L. Mo-race, which denied his application for asylum and withholding of removal. In re Ji Chen, No. A200 035 982 (B.I.A. Sept. 8, 2008), aff'g No. A200 085 982 (Immig. Ct. N.Y. City Sept. 28, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). For asylum applications governed by the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231 (2005), the agency may, considering the totality of the circumstances:
base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant’s or witness’s account, the consistency between the applicant’s or witness’s written and oral statements ..., the internal consistency of each such statement, the consistency of such statements with other evidence of record ..., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant’s claim....
*825 8 U.S.C. § 1158(b)(l)(B)(iii). Nonetheless, “[a]n adverse credibility determination must be based on specific, cogent reasons that bear a legitimate nexus to the finding.” Niang v. Mukasey, 511 F.3d 138, 145 (2d Cir.2007) (quotation marks omitted).
Substantial evidence supports the agency’s adverse credibility determination. Contrary to Chen’s argument, the IJ based his demeanor finding on Chen’s inability to respond to questions that were unrelated to Chen’s doctrinal knowledge of Christianity. Compare Rizal v. Gonzales, 442 F.3d 84, 90 (2d Cir.2006) (rejecting an adverse credibility finding against one who claims fear of persecution based on his religious affiliation on the ground of petitioner’s lack of doctrinal knowledge). We also reject Chen’s argument that no substantial evidence supported the IJ’s adverse credibility finding based on Chen’s unresponsiveness because the unresponsiveness was attributable to nervousness. Whatever the case may be, it was not unreasonable for the IJ to find that Chen’s unresponsiveness, lack of detail, and apparent adherence to a script supported an adverse credibility determination. As the IJ was in the best position to discern the impression conveyed by Chen, we accord the IJ’s demeanor finding particular deference. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005).
Additionally, the agency appropriately relied, in part, on the discrepancy between Chen’s testimony that the raid on his underground church occurred at night, and Chen’s later testimony that he agreed with a friend’s letter stating that the raid occurred in the morning. See 8 U.S.C. § 1158(b)(l)(B)(iii). The IJ did not err in rejecting Chen’s explanation that his memory of the event that led him to flee his country was unclear. See Majidi, 430 F.3d at 80-81. Because the raid was the only alleged incident of persecution and the only event indicating that Chinese authorities were aware of Chen’s Christianity, the IJ concluded that this discrepancy undermined Chen’s credibility.
Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, we conclude that the IJ’s adverse credibility determination was supported by substantial evidence. See Xiu Xia Lin, 534 F.3d at 165-66. Thus, the agency properly denied Chen’s application for asylum and withholding of removal insofar as it was based on a claim of past persecution for Chen’s having practiced Christianity in China. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Additionally, the BIA did not err in finding that Chen failed to demonstrate a well-founded fear of persecution upon removal to China on account of his religious activities in the United States. Chen did not identify any evidence in the record demonstrating that Chinese government officials are aware of his religious activities in the United States or are likely to become aware of such activities. See Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir.2008); see also Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). The evidence Chen cites discusses only individuals practicing Christianity in underground churches in China. Therefore, the BIA reasonably denied Chen’s application for asylum and withholding of removal insofar as it was based on his practice of Christianity in the United States. See Paul, 444 F.3d at 156.
We therefore DENY the petition for review. The pending motion for a stay of deportation is DISMISSED as moot.